UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI YUKSEL,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 1:11-cv-01343 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORER |

Ali Yuksel ("Plaintiff") initiated this action by filing a complaint against the Commissioner of Social Security ("Defendant") on July 30, 2010. (Doc. 1). On August 12, 2011, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 6). Pursuant to the Scheduling Order, the administrative record was lodged on December 20, 2011. (Doc. 10).

Plaintiff's counsel, Marc Kalagian, filed a motion to withdraw as attorney of record, which was granted by the Court on February 23, 2012. (Docs. 11-12). The Court ordered Plaintiff to file his Opening Brief within forty-five days of service of the order, or by April 9, 2012. (Doc. 12 at 3). To date, Plaintiff has failed to file his Opening Brief, or otherwise respond to the Court's order. Notably, Plaintiff was advised that failure to comply with the Court's order, the Local Rules, or the Federal Rules may result in dismissal of the action. *Id.*

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

1

and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order, or in the alternative to file his opening brief.

IT IS SO ORDERED.

Dated:   **April 16, 2012**             **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE