1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALI YUKSEL, | ) Case No.: 1:11-cv-01343 - JLT |
| Plaintiff, | ) |
| | ) ORDER DISMISSING PLAINTIFF'S |
| v. | ) COMPLAINT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ORDER DIRECTING THE CLERK TO CLOSE |
| | ) THIS MATTER |
| Defendant. | ) |
| | ) |
| _____ | ) |

Ali Yuksel ("Plaintiff") initiated this action by filing a complaint against the Commissioner of Social Security ("Defendant") on July 30, 2010. (Doc. 1). For the following reasons, Plaintiff's complaint is **DISMISSED**.

**I.     Procedural History**

On August 12, 2011, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 6). Pursuant to the Scheduling Order, the administrative record was lodged on December 20, 2011. (Doc. 10).

Plaintiff's counsel, Marc Kalagian, filed a motion to withdraw as attorney of record, which was granted by the Court on February 23, 2012. (Docs. 11-12). The Court ordered Plaintiff to file his Opening Brief within forty-five days of service of the order, or by April 9, 2012. (Doc. 12 at 3). To date, Plaintiff has failed to file his Opening Brief, or otherwise respond to the Court's order. Notably, Plaintiff was advised that failure to comply with the Court's order, the Local Rules, or the Federal

1   Rules may result in dismissal of the action. *Id.* However, Plaintiff failed to file his opening brief or

2   otherwise respond to the Court's order, and the Court issued an Order to Show Cause why the matter

3   should not be dismissed on April 17, 2012. (Doc. 13). Again, Plaintiff failed to file a response to the

4   Court's Order.

5   **II.     Legal Standard**

6       "District courts have inherent power to control their dockets," and in exercising that power, a

7   court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los*

8   *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a

9   party's failure to prosecute an action or failure to obey a court order, or failure to comply with local

10  rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply

11  with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

12  comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d

13  128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

14  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

15      In determining whether to dismiss an action for failure to prosecute, failure to obey a court

16  order, or failure to comply with the Local Rules, the Court must consider several factors, including:

17  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

18  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

19  on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see*

20  *also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

21  **III.    Discussion and Analysis**

22      In the case at hand, the public's interest in expeditiously resolving this litigation and the

23  Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the

24  defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

25  of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

26  Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in

27  favor of dismissal. Notably, in the order to show cause, the Court warned plaintiff the action may be

28  dismissed for his "failure to prosecute an action or failure to obey a court order, or failure to comply

with local rules." (Doc. 13 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.

**IV.      Conclusion and Order**

As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of Plaintiff's complaint.  Accordingly, **IT IS HEREBY ORDERED**:

1.      This action is **DISMISSED WITH PREJUDICE**; and

2.      The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **May 10, 2012**                          **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

3